UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN FOSTER,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | No. 2:20-cv-1128-JAM-KJN<br><br>FINDINGS AND RECOMMENDATIONS ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 12, 13.) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits under Title II the Social Security Act.[1] In her motion for summary judgment, plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to articulate sufficient reasons for rejecting: (A) the opinions of plaintiff's treating medical professionals; and (B) lay-witness testimony and plaintiff's subjective-symptom testimony. The Commissioner contends in its cross-motion for summary judgment that the ALJ's decision is supported by substantial evidence and free from legal error.

The court recommends plaintiff's motion be DENIED, the Commissioner's cross-motion be GRANTED, and the final decision of the Commissioner be AFFIRMED.

///

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(15) for the entry of findings and recommendations. See Local Rule 304.

1

## I. **GENERAL LEGAL STANDARDS**

The Social Security Act provides benefits for qualifying individuals with disabilities. Disability is defined, in part, as an inability to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a). An ALJ is to follow a five-step sequence when evaluating an applicant's eligibility for benefits.[2] 20 C.F.R. §§ 404.1520(a)(4).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may only review the reasons provided by the ALJ in the decision, and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the court may not reverse the ALJ's decision on account of harmless error. Id.

---

[2] The sequential evaluation is summarized as follows:
**Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
**Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
**Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
**Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
**Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford, 950 F.3d at 1148.

## II.  **BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS**

Plaintiff applied for Disability Insurance Benefits in January of 2017, alleging disability due to "psoriatic arthritis, fibromyalgia, depression, hypothyroidism, hypoparathyroidism, menorrhagia with irregular cycle, anxiety, [and] inflammatory polyarthropathy." (See (Administrative Transcript ("AT") at 62-63, 174-75, electronically filed at ECF No. 11.) Plaintiff's application was twice denied, and she sought review with an ALJ after being appointed counsel. (See AT 75, 88, 101, 105.) The ALJ conducted a hearing on April 25, 2019, where plaintiff testified about her symptoms and a Vocational Expert ("VE") testified regarding jobs for someone with plaintiff's limitations. (See AT 30-60.)

On May 28, 2019, the ALJ issued a decision determining plaintiff was not disabled from her onset date forward. (AT 15-25.) At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 22, 2016. (AT 17.) At step two, the ALJ noted plaintiff had the following severe impairments: psoriatic arthritis, fibromyalgia, and degenerative disc disease. (Id.) At step three, the ALJ determined plaintiff was not disabled under the listings. (AT 19, citing 20 C.F.R. Part 404, Subpart P, Appendix 1.)

The ALJ then determined plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that "[s]he can occasionally stoop, kneel, crouch, and climb stairs[;] can occasionally reach, handle, and finger[;] must avoid hazards, such as unprotected heights and dangerous moving machinery, and must avoid temperature extremes." (AT 19.) In fashioning this RFC, the ALJ considered plaintiff's symptoms, the medical evidence, and professional medical opinions in the record. (Id.) Relevant here, the ALJ afforded "no weight" to the more-restrictive opinions of Dr. Brar and Nurse Practitioner ("NP") Lew. (AT 20-21.) The ALJ also rejected the more limiting portions of plaintiff's subjective symptom testimony, as well as the entirety of her son's written statement. (AT 23.) Based on the RFC and the VE's testimony, the ALJ concluded that, although plaintiff was incapable of performing past relevant work as a vocational nurse, she could perform the work of a "call out operator," sedentary work with approximately 34,000 jobs available nationally. (AT 23-24.) Thus, the ALJ determined plaintiff was not disabled for the relevant period. (Id.)

The Appeals Council denied plaintiff's appeal. (AT 1-6.) Thereafter, plaintiff filed this action requesting review of the ALJ's decision, and the parties each moved for summary judgment. (ECF Nos. 1, 12, 13, 14.)

### III. DISCUSSION

Plaintiff contends the ALJ erred in: (A) failing to articulate the reasons for rejecting the opinions of plaintiff's treating physicians Dr. Brar, Dr. Bains, and NP Lew (thereby formulating an allegedly-faulty RFC and resulting in inapposite hypotheticals to the VE); and (B) failing to articulate reasons for rejecting plaintiff's subjective-symptom testimony and her son's lay testimony. Plaintiff suggests it would be an abuse of the court's discretion to not remand for benefits, but alternatively requests remand for further proceedings. (ECF Nos. 12, 14.)

The Commissioner requests affirmance, arguing: (A) substantial evidence supports rejection of the more-limiting aspects of those medical professionals' opinions; (B) substantial evidence supports the ALJ's evaluation of plaintiff's symptoms and the rejection of plaintiff's son's statement. (ECF No. 13.)

**A. Medical Opinion Evidence**

**Legal Standards**

Generally speaking, the ALJ is required to consider a host of factors in deciding the weight given to any medical opinion, including whether the physician examined the claimant, the length of the physician's treatment of claimant, the frequency of examination, the nature and extent of the treatment relationship, supportability of the physician's findings, consistency with the record, the physician's specialization, and any other factors deemed relevant. 20 C.F.R. § 404.1527(c)(1)-(6).

In order to evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). To reject the uncontradicted opinion of a treating or examining doctor, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." Ryan v. Comm'r, 528 F.3d 1194, 1198 (9th Cir. 2008). Conversely, a contradicted opinion may be rejected for

4

"specific and legitimate" reasons. Lester, 81 F.3d at 830. An ALJ provides specific and legitimate reasons by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 2011).

Even when the evidence is susceptible to more than one rational interpretation, a court must uphold the ALJ's findings if are supported by inferences reasonably drawn from the record. Tommasetti, 533 F.3d at 1038 (citing Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (superseded by regulation on other grounds)). A reviewing court will not set aside the denial of a disability claim unless the Commissioner's findings "are not supported by substantial evidence in the record as a whole." Molina, 674 F.3d at 1121. It is the ALJ's job to formulate the RFC, and a physician's opinion need not adopted verbatim. 20 C.F.R. § 416.946(c); see, generally, Magallanes, 881 F.2d at 753.

**Analysis**

Plaintiff's first point of error focuses on the ALJ's rejection of two medical professionals: (1) Dr. Brar, who treated plaintiff for her physical conditions between 2016 and 2018, and who tendered a medical source statement in July 2018 (AT 409-11); and (2) Nurse Practitioner Lew, who treated plaintiff between December 2017 and January 2019, and who, under the supervision of Dr. Bains, tendered a medical source statement in September 2018 (AT 414-17). The ALJ gave no weight to these opinions, instead relying on the opinion of examining physician Dr. Kinnison (AT 379-83), and the findings of the two state-agency physicians (AT 62-74; 76-87). Prior to rejecting Dr. Brar's and NP Lew's opinions, the ALJ set forth a summary of the facts and conflicting medical evidence. (AT 20-21.) Thus, the ALJ was required to provide specific and legitimate reasons to reject the two opinions.[3] Lester, 81 F.3d at 830; see also, e.g., Wennet v. Saul, 777 F. App'x 875, 878 (9th Cir. 2019) (opinion of examining physician constitutes substantial evidence, despite the fact that examiner only met with the claimant one time).

---

[3] Plaintiff argues a "clear and convincing" standard should apply, because Dr. Bains and NP Lew opined she would be off task 25% of the time, while Dr. Kinnison and the state-agency physicians did not. However, the undersigned reads the latter three's opinions as contending plaintiff would not be off task during the work day. Thus, the "specific and legitimate" standard is applied.

1. Dr. Brar

The ALJ resolved Dr. Brar's July 2018 medical source statement thusly:

> Gurmail Brar, M.D., prepared a medical source statement regarding the claimant's functional limitations, if accurate, would support a finding that she is disabled. Dr. Barr determined that the claimant was limited to lifting and carrying less than ten pounds and standing less than two hours in an eight-hour workday. He noted that she could sit for less than one hour in an eight-hour workday. He found she had various postural, manipulative, and environmental restrictions. He noted that the claimant would be off task 25% of the workday regarding the ability to perform even simple work and would miss more than four days of work each month. (Exhibit 5F). No weight is directed to the determinations of Dr. Brar, as he provided almost no explanation for such significant restrictions. His explanations were limited to "joint swelling" and "meds." Additionally, Dr. Brar noted in his records that the claimant was doing well, was doing fairly well, and was doing exercises. (Exhibit 7F, pgs. 24, 96, 105).

(AT 21.)

The ALJ's description of Dr. Brar's statement is sufficiently detailed and thorough, and the ALJ's rationale is legitimate. Plaintiff contends the ALJ erred because the symptoms of fibromyalgia "wax and wane," causing her to have "bad days and good days" that the ALJ did not account for. See Revels v. Berryhill, 874 F.3d 648, 657 (9th Cir. 2017) ("[A]fter a claimant has established a diagnosis of fibromyalgia, an analysis of her RFC should consider a longitudinal record whenever possible."). However, the ALJ sufficiently demonstrated consideration of "the longitudinal record," both in the paragraph resolving Dr. Bains's opinion and in the paragraphs preceding. (See AT 20-21, summarizing plaintiff's treatment history with Dr. Brar and others, then later resolving Dr. Brar's medical source statement.) The ALJ also sufficiently noted a conflict with treatment records. (AT 21, noting plaintiff was "doing well.") It is for the ALJ, and not the court, to resolve conflicts and ambiguities in medical testimony. Ford, 950 F.3d at 1154. Finally, Dr. Brar's medical source statement is a short, check-box form with little explanation provided, which the ALJ also noted. (AT 21, finding Dr. Brar "provided almost no explanation" and only mentioned "joint swelling" and "meds," and citing AT 409-11.) The ALJ need not accept a treating physician's opinion which is "brief and conclusory in form with little in the way of clinical findings to support [its] conclusion." Magallanes, 881 F.2d at 751.

   2. Dr. Bains/NP Lew

The ALJ resolved NP Lew's September 2018 medical source statement as follows:

> Nicole Lew, N.P., prepared a medical source statement regarding the claimant's functional limitations, if accurate, would support a finding that she is disabled. Ms. Lew determined that the claimant was limited to lifting and carrying ten pounds frequently and standing, sitting, and walking less than two hours in an eight-hour workday. She noted that the claimant needed to be able to shift positions at will. She stated that the claimant needed unscheduled work breaks every two hours for fifteen minutes. She found the claimant had various postural and manipulative restrictions. Ms. Lew noted that the claimant would be off task 25% of the workday regarding the ability to perform even simple work and would miss more than four days of work each month. (Exhibit 5F). No weight is directed to the opinions of Ms. Lew as they are unsupported by the overall evidence. In addition, the claimant's psoriatic arthritis and fibromyalgia impairments were described as well controlled on her current treatment without significant symptoms by Ms. Lew on September 10, 2018. The supervising physician was noted to be Ramandeep Bains, M.D. The same records show that 2018 x-rays of the claimant's hand and feet showed no erosions. According to medical literature provided by the claimant, x-rays can show more severe inflammatory changes to the joints. Of note, the same day referenced above, the claimant provided disability paperwork to be completed due to "chronic pain from inflammatory arthritis and FMS that limits her mobility and function." (Exhibits 7F, pgs. 108-09; 8F, pg. 4). Dr. Bains did not sign Ms. Lews' medical source statement.

(AT 22.) Setting aside the ALJ's findings concerning plaintiff's disability paperwork (which, barring a finding of malingering, appears inapposite to the issues) and Dr. Bains's signature (which, it appears, is not the case), plaintiff's contention here meets similar barriers as that with Dr. Bains. Simply, the ALJ discussed the relevant evidence concerning plaintiff's physical conditions in detail prior to resolving NP Lew's opinion, and accurately noted issues with the opinion in the above paragraph. It is not for the court to reweigh the evidence. Ford, 950 F.3d at 1154; Tommasetti, 533 F.3d at 1038. Further, the court concurs with the Commissioner that, despite NP Lew's significantly-greater detail expressed in the medical source statement, the ALJ need not have adopted this opinion—verbatim, or otherwise. 20 C.F.R. § 416.946(c); Magallanes, 881 F.2d at 753.[4]

---

[4] Plaintiff also argues against the RFC formulation and Step 5 analysis. (ECF No. 12 at 20-25.) These arguments are the same as in Section A, and so are rejected in tandem.

**B. Subjective Symptom and Lay Testimony.**

**Legal Standards**

In evaluating a claimant's symptoms report, the following two-step analysis is applied:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases.

Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017).

The ALJ's reasons for discounting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony." Brown-Hunter v. Colvin, 806 F.3d 487, 483 (9th Cir. 2015). This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." Treichler v. Comm'r, 775 F.3d 1090, 1102 (9th Cir. 2014). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: the effectiveness of or noncompliance with a prescribed regime of medical treatment, inconsistencies between a claimant's testimony and his or her conduct (including daily activities), and whether the alleged symptoms are consistent with the medical evidence of record. See Tommasetti, 533 F.3d at 1040; Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007). A lack of corroborating, objective medical evidence alone is insufficient grounds to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. 20 C.F.R § 404.1529(c)(2); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Broadly speaking, a claimant's statements of subjective symptoms alone is insufficient grounds to establish disability. 20 C.F.R § 404.1529(a); Treichler, 775 F.3d at 1106.

"[C]ompetent lay witness testimony cannot be disregarded without comment." Molina, 674 F.3d at 1114 (internal quotation and citation omitted). "[I]n order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." Id. "Further, the reasons 'germane to each witness' must be specific." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Contradictory evidence in the record is a germane reason for rejecting lay testimony. See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). Additionally, when the ALJ provides clear and convincing reasons for discounting the claimant's subjective complaints, and third-party witness testimony is similar to claimant's subjective complaints, the ALJ also provides germane reasons for rejecting the third-party witness testimony. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009) (the ALJ provided germane reasons for rejecting third-party witness testimony similar to claimant's subjective testimony, when the ALJ provided clear and convincing reasons for rejecting claimant's subjective testimony).

**Analysis**

Here, in alleging error on the ALJ's part, plaintiff points to the following statement by the ALJ regarding plaintiff's subjective-symptom testimony:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because despite the significant restrictions contained in this decision's residual functional capacity, the vocational expert testified that an individual of the same age, education, and work experience as the claimant would be able to perform the requirements of a representative occupation that exists in significant numbers in the national economy.

(AT 20.) Plaintiff contends this "puts the cart before the horse," as the ALJ is supposed to resolve the medical evidence and symptom testimony first, then compose an RFC and consider a person's ability to work, not the other way around. Laborin v. Berryhill, 867 F.3d 1151, 1154 (9th Cir. 2017) ("Because the claimant's symptom testimony must be taken into account when the ALJ assesses the claimant's RFC, it cannot be discredited because it is inconsistent with that RFC.") If this were the only rationale provided by the ALJ, the court would concur that additional proceedings would be required. See Reddick v. Chater, 157 F.3d at 722 (rejection of subjective-symptom testimony must be based on more than boilerplate). However, the ALJ offers

other reasons for discounting her testimony, and is not so limited as plaintiff contends. See Molina, 674 F.3d at 1115 (harmless error when ALJ provided invalid reasons for disbelieving a claimant's testimony but also provided valid reasons that were supported by the record).

The court notes the ALJ stated the intensity, persistence and limiting effects of [plaintiff's] symptoms are not entirely consistent with the medical evidence[,] other evidence in the record for the reasons explained in this decision[, and her] treatment regimen and her response to treatment." (AT 23.) In the discussion of the record in the pages prior, the ALJ sufficiently noted the inconsistency of plaintiff's statements with the medical record. (See, e.g., AT 20-21, noting Dr. Brar's findings that plaintiff was doing fairly well, and citing supporting records). The ALJ also discussed plaintiff's success with medication, exercise, and physical therapy. (AT 21, noting multiple medical records indicating as much.) Each of these reasons is sufficient to discount plaintiff's symptom testimony. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); see also Molina, 674 F.3d at 1121 ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned.").

Further, regarding the statement submitted by plaintiff's son, the court finds the ALJ provided germane reasons for rejecting the statements therein. While it is true the ALJ expressed an indication that plaintiff's son was not credible due to his relationship with plaintiff, the undersigned does not read the ALJ's opinion as so limiting. Molina, 674 F.3d at 1121 (requiring upholding of the decision if the path "may reasonably be discerned"). Simply, the content of the son's statements are similar to those expressed by plaintiff, whose subjective-symptom testimony was validly rejected. Valentine, 574 F.3d at 694.

///

## IV. CONCLUSION

For the reasons above, plaintiff's assertion—that failing to remand for benefits would be an abuse of discretion—is wholly off the mark. Tommasetti, 533 F.3d at 1038 (when medical evidence is subject to more than one rational interpretation, the ALJ's conclusion must be upheld). The ALJ's decision was free from prejudicial legal error and supported by substantial evidence in the record as a whole. Ford, 950 F.3d at 1154.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) be DENIED;
2. The Commissioner's cross-motion (ECF No. 13) be GRANTED;
3. The final decision of the Commissioner be AFFIRMED; and
4. The Clerk of Court issue judgment for the Commissioner and CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 14, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fost.1128